

**ORDERED in the Southern District of Florida on March 6, 2020.**

_____
**Robert A. Mark, Judge
United States Bankruptcy Court**
_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | Case No. 18-20828-BKC-RAM |
| BERTONI GELATO BRICKELL, LLC, | Chapter 11 |
| Debtor. | |
| BERTONI GELATO BRICKELL, LLC, | |
| Plaintiff, | |
| v. | Adv. No. 19-01039-BKC-RAM-A |
| QUIMERA, LLC, | |
| Defendant. | |

**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT REGARDING ASSIGNMENT (STANDING),
AND (2) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

The Court conducted a hearing on January 24, 2020, on (i)

Plaintiff's Motion for Partial Summary Judgment Regarding Assignment – Standing Issue) (the "Motion for Summary Judgment") [DE #48], and (ii) Defendant's Verified Response to, and Cross-Motion for Summary Judgment on Standing Defense, to Plaintiff's Motion for Partial Summary Judgment Regarding Assignment – Standing Issue (the "Cross Motion for Summary Judgment") [DE #59]. For the reasons that follow, the Motion for Summary Judgment will be granted, and the Cross Motion for Summary Judgment will be denied.

## Factual and Procedural Background

A detailed history of the parties' state court and bankruptcy court litigation is set forth in the Court's Order Granting in Part and Denying in Part Motion for Rehearing, which was entered in the Plaintiff's main bankruptcy case on April 25, 2019 [DE #99 in Case No. 18-20828].  The Court summarizes below the facts salient to its summary judgment ruling.

The Debtor operated a restaurant at 1300 Brickell Bay Drive, CU-2, Miami, Florida 33131, in a commercial unit leased from the Defendant.  On July 19, 2018, the Defendant filed an eviction action against the Debtor in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 2018-024472-CA-01, alleging that the Debtor was in default under the

2

lease between the parties (the "Lease"). The parties dispute whether the Lease was in default when Defendant filed the eviction action. The Plaintiff contends that, due to past overpayments, it did not owe the Defendant any rent when the eviction action was filed and, in fact, is entitled to reimbursement of overcharged sums.

On August 31, 2018, the Plaintiff filed a chapter 11 petition for bankruptcy relief. The bankruptcy filing stayed a summary judgment hearing scheduled in the eviction action. On October 3, 2018, the Plaintiff moved to assume and assign the Lease to Versace Stefano Holdings, LLC (the "Assignee"). The Court granted the Plaintiff's motion by order dated December 6, 2018, and "reserve[d] ruling on the amount required to be paid by the Debtor[/Plaintiff] to the Landlord[/Defendant] to effect the final cure of claimed defaults." [DE #52 in Case No. 18-20828].

The Plaintiff filed the Complaint in this adversary proceeding on February 21, 2019, and an Amended Complaint on August 29, 2019 [DE #33]. The adversary will resolve disputes over cure payments due when the Lease was assigned including attorney's fees that the Defendant claims as a cure payment. The Plaintiff contends that the Defendant is not entitled to any attorney's fees incurred in the eviction action because the Lease was not in

3

default.  The Plaintiff also seeks to recover a portion of the rents it paid to the Defendant prior to the assignment that were allegedly in excess of amounts due under the Lease.

Defendant's Answer and Affirmative Defenses [DE #33] asserts that the Lease was in default and denies the allegations that it was overpaid.  The Defendant also asserts waiver as an affirmative defense.  Specifically, the Defendant asserts that "[t]he Debtor/Plaintiff has waived its claims for breach of contract by assigning absolutely the Lease . . . .  Such rights included the breach of contract claim and overpayments." [DE #33, p.4].  The Defendant also asserts that the Plaintiff lacks standing because the Debtor absolutely assigned all of its rights under the Lease.

The Plaintiff filed the Motion for Summary Judgment on December 27, 2019.  The Plaintiff argues that "[s]ummary judgment should issue because the record is undisputed that neither the cure amount nor the claims for overpaid rent were transferred to the assignee and because the Debtor retained all transfer claims regardless of the assignment." [DE #48, p.1].

On January 21, 2020, the Defendant filed its Cross Motion for Summary Judgment, "seek[ing] summary judgment as to Counts 1 ("Dec. Claim") and VII ("Breach of Contract Claim") – both of which arise exclusively under the Lease between the Parties[,] . . . which

existed pre-petition, and was ultimately assigned, without reservation or qualification, post-petition." [DE #59, p.2].

## Discussion

An assignment is a transfer of all the interests and rights to the thing assigned. *Dept. of Rev. v. Bank of America*, 752 So. 2d 637, 642 (Fla. 1st DCA 2000). After an absolute assignment, the assignee stands in the shoes of the assignor and may enforce the contract against the original obligor in his own name. *Dove v. McCormick,* 698 So. 2d 585, 589 (Fla. 5th DCA 1997)*.* Judicial determination as to whether an absolute assignment occurred requires analysis of the assignment, the parties' intent, and applicable state law. 3 COLLIER ON BANKRUPTCY ¶ 363.03[3] (16th ed. 2019).

Here, there is nothing in the Assignment indicating that the Plaintiff abandoned its pending claims against the Defendant. Interpreting the Assignment according to its plain language, it is an assignment for the future use and occupancy under the Lease, and an assumption of future duties, not an assignment of claims and causes of actions. Additionally, the Plaintiff's actions in continuing its prosecution of the Adversary Proceeding, and referring to the Adversary Proceeding in the Assignment, provide a strong indication that the Plaintiff had no intention of

abandoning its causes of actions after assigning the Lease. Moreover, the Assignee has not asserted any right to prosecute the claims alleged in this proceeding.

In sum, having considered the record in this proceeding and the arguments of counsel at the hearing, the Court finds that the issue of whether the Plaintiff assigned its claims against the Defendant and therefore lacks standing to prosecute this adversary proceeding is not an issue of material fact in genuine dispute. The Assignment did not constitute a waiver of the Plaintiff's rights to file the claims in this proceeding, and the Plaintiff has standing to prosecute these claims. Therefore, it is–

**ORDERED** as follows:

1. The Motion for Summary Judgment is granted.

2. The Cross Motion is denied.

3. Partial summary judgment is entered in favor of the Plaintiff and against the Defendant on the Defendant's affirmative defenses of waiver and lack of standing.

###

Copies Furnished To:
James B. Miller, Esq.
Scott Alan Orth, Esq.